UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Valerie Hilyer

    Plaintiff,                                      Case No. 09

v.

Wolverine Investors, LLC, a Michigan Company,
Wolverine Investors II, LLC, a Michigan Company,
Wolverine Investors III, LLC, a Michigan
Company and Leonard Bale, individually and
as an agent, officer and employee of said
Michigan Limited Liability Companies,
jointly and severally

    Defendants

_____/

ROBIN H. KYLE p 33330
Attorney for Plaintiff
615 Griswold, Suite 1120
Detroit, Michigan 48226
(313) 961-3975

## PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

      NOW COMES the Plaintiff, Valerie Hilyer by and through her attorney, Robin H. Kyle and hereby complains of the Defendants as follows:

### PARTIES

      1.      Plaintiff Valerie Hilyer is an individual who resides in the City of Allen Park, County of Wayne and State of Michigan.

      2.      The Defendant Leonard Bale is and at all times herein alleged was an individual creditor as defined in 15 U.S.C. § 1602(f).

      3.      The Defendant Wolverine Investors II, LLC is and at all times herein

alleged was a Michigan Limited Liability Company, owned and operated by the Defendant Leonard Bale and said company was also a creditor as defined in 15 U.S.C. § 1602(f).

4.     The Defendant Wolverine Investors III, LLC is and at all times herein alleged was a Michigan Limited Liability Company, owned and operated by the Defendant Leonard Bale and said company was also a creditor as defined in 15 U.S.C. § 1602(f).

5.     The Defendant Wolverine Investors, LLC is and at all times herein alleged was a Michigan Limited Liability Company, owned and operated by the Defendant Leonard Bale and said company was also a creditor as defined in 15 U.S.C. § 1602(f).

6.     The Defendants at all times herein alleged conducted business in the City of Allen Park, County of Wayne and State of Michigan.  At all times herein alleged said Defendants were engaged in the extension of consumer credit in connection with loan sales of property, to wit, real estate, that was payable by agreement in more than four monthly installments or for which a finance charge is, was or may have been required and further said Defendants were the person or persons to whom the debt arising from the consumer credit transaction was initially payable on the face of the evidence of indebtedness and/or by agreement.

**JURISDICTION**

7.     This action is brought under the Federal Truth In Lending Act, 15 U.S.C. § 1602, et seq.  This Court has jurisdiction pursuant to 28 U.S.C. §1331 of the Judicial Code.

**FACTS**

8. On or about May 30, 2008, the Plaintiff purchased from the Defendants, certain real estate located at 6745 Pelham in the city of Allen Park, Michigan. The property was purchased pursuant to a certain land contract, under the terms of which the Defendants financed all or a portion of the purchase price and in which Defendants extended credit to the Plaintiff.

9  Under the terms of the agreement for the consumer credit purchase by the Plaintiff respecting the aforesaid property, more than four monthly payments were required and a finance charge was and/or may have been required.  .

10. The credit transaction respecting said property purchase by Plaintiff, was governed by and subject to the requirements set forth in the Federal Truth In Lending Act, 15 U.S.C. §1602, et seq., including the mandatory disclosure requirements contained in 15 U.S.C. §1638(a) & (b).

11. The Defendants failed to make the mandatory disclosure requirements contained in 15 U.S.C. §1638(a) & (b), including, *inter alia*: the identity of the creditor required to make the disclosures; the amount financed, using that term; a statement of the consumer's right to obtain a written statement of the amount financed; the finance charge; the finance charge expressed as an annual percentage rate; the sum of the amount financed and the finance charge termed the total of payments; the down payment; and other required disclosures.

. .    12. Defendants also misled Plaintiff respecting the terms of the credit transaction by not disclosing material facts including, *inter alia,* that all of the payments made by Plaintiff for the first three years of the contract would be applied solely to interest.

13. The amount charged by Defendants for the transaction was grossly in excess of the

amount charged for similar transactions.  Defendants falsely represented the condition of the premises, including representing: that the furnace was "updated" or "new," when in fact the furnace was in excess of twenty years old; that the furnace was in good working order when in fact said furnace was not in good working order; that a properly installed sink would be placed in the bathroom; and other material misrepresentations.  Said representations proved to be false and were material to the transaction.  Defendants knew that the representations were false when they made said representations or made the representations in reckless disregard for whether or not the statements were true, as positive assertions and with the intention that Plaintiff would rely upon said representations.  Plaintiff suffered damages as a result of the misrepresentations.

14. Plaintiff relied upon Defendants' false and fraudulent representations to her detriment and damage.

15. That Defendants engaged in deceptive, unfair, or unconscionable acts and/or practices in consummating the transaction in question and upon information and belief the Defendants were not engaged in a specific activity for which all of the Defendants were licensed and said Defendants were not engaged in a transaction or conduct specifically authorized under the laws administered by a regulatory board or officer acting under statutory authority of the State of Michigan or the United States, because Defendants were not licensed under said laws.

## COUNT I - TRUTH IN LENDING VIOLATION

16. Plaintiff hereby re-alleges and incorporates each and every allegation contained in Paragraphs 1 through 15 as if fully restated herein.

17. That by virtue of the premises as herein alleged, the Defendants are guilty of violations of the Truth In Lending Act and Plaintiff is entitled to damages therefor, including actual damages and/or statutory damages, costs, and attorney fees as provided in the Truth In

Lending Act, to wit, 15 U.S.C. §1640.  Plaintiff is further entitled to equitable relief in the form of an injunction and/or recision of the land contract.

## COUNT II CONSUMER PROTECTION

18.   Plaintiff hereby re-alleges and incorporates each and every allegation contained in paragraphs one through seventeen as if fully restated herein.

19.   That by virtue of the premises as herein alleged the Defendant is liable to the Plaintiff under the Michigan Consumer Protection Act, MCL § 445.901, et seq. including MCL § 445.903.  Plaintiff is also entitled to damages including actual damages and /or statutory damages, plus, costs, attorney fees and other damages, including equitable relief in the form of recision of the Land Contract and injunction

## COUNT III FRAUD

20.   Plaintiff hereby re-alleges and incorporates each and every allegation contained in paragraphs one through nineteen as if fully restated herein**.**

21.   That by virtue of the premises as herein alleged the Defendant is guilty of fraud and fraudulent misrepresentation against Plaintiff and all Defendants are jointly and severally liable to Plaintiffs for all acts of fraud by the respective Defendants.

## RELIEF

WHEREFORE, Plaintiffs request that this Honorable Court enter a judgment and order requiring Defendants to pay Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' unlawful acts against Plaintiff including actual and/or statutory damages under the Truth In Lending Act, the Michigan Consumer Protection Act, the common law doctrine of Fraud and Fraudulent Misrepresentation, plus awarding Plaintiff damages for fraud and awarding

6

Plaintiff equitable relief in the form of recision, disgorgement of Defendants' profits, plus award Plaintiff costs and attorney fees under the Truth In Lending Act and the Michigan Consumer Protection Act. Plaintiff request such other relief to whcih she is found to be lawfully and/or equitably entitled. Plaintiff request that all relief awarded against the Defendants be based upon joint and several liability.

                Respectfully submitted,

By: _____
     ROBIN H. KYLE (P-33330)
     Attorney for Plaintiff
     615 Griswold, Suite 1120
     Detroit, Michigan 48226
     (313) 961-3975

Dated: October 5, 2009

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Valerie Hilyer

    Plaintiff,   Case No. 09

v.

Wolverine Investors, LLC, a Michigan Company,
Wolverine Investors II, LLC, a Michigan Company,
Wolverine Investors III, LLC, a Michigan
Company and Leonard Bale, individually and
as an agent, officer and employee of said
Michigan Limited Liability Companies,
jointly and severally,

    Defendants
_____/
ROBIN H. KYLE (P-33330)
Attorney for Plaintiff
615 Griswold, Suite 1120
Detroit, Michigan 48226-3975
(313) 961-3975
_____/

## DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, Valerie Hilyer by and through her attorney, Robin H. Kyle and hereby demands a trial by jury in the above captioned matter.

            Respectfully submitted,

      By:   _____
           ROBIN H. KYLE (P-33330)
           Attorney for Plaintiff
           615 Griswold, Suite 1120
           Detroit, Michigan 48226
           (313) 961-3975

Dated:   October 5, 2009