# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**Valerie Hilyer**,
    Plaintiff,                                           Case No. 2:09-cv-13920
v                                                                              Hon. David M. Lawson

**Wolverine Investors, LLC**, a Michigan company,
**Wolverine Investors II, LLC**, a Michigan Company,
**Wolverine Investors III, LLC**, a Michigan company, and
**Leonard Bale**, individually and as an agent, officer and
employee of said Michigan Limited Liability Companies,
    jointly and severally,
    Defendants.
_____/

Robin H. Kyle P33330
Attorney for Plaintiff
615 Griswold, Suite 1120
Detroit, MI  48226
(313) 961-3975

Randall T. LeVasseur P41712
Allen J. Dyer P54857
LeVasseur Dyer & Associates, P.C.
Attorneys for Defendant Leonard Bale only
3233 Coolidge Hwy
Berkley, MI 48072
(248) 586-1200
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT LEONARD BALE ONLY

    NOW COMES Defendant, Leonard Bale only, by and through his attorneys, LeVasseur

Dyer and Associates, P.C., and for his Answer states as follows:

(1)    Upon information and belief, admitted.

(2)    Neither admitted nor denied as the paragraph states a legal conclusion, and Plaintiff is left

    to her proofs.

(3)    Denied as untrue, as this Defendant, Leonard Bale, has no connection or relationship with the referenced limited liability company.  This Defendant, however, has done business under a similar name pursuant to a d/b/a.

(4)    Denied as untrue, as this Defendant, Leonard Bale, has no connection or relationship with the referenced limited liability company.  This Defendant, however, has done business under a similar name pursuant to a d/b/a.

(5)    Denied as untrue, as this Defendant, Leonard Bale, has no connection or relationship with the referenced limited liability company.  This Defendant, however, has done business under a similar name pursuant to a d/b/a.

(6)    This Defendant admits that the parties entered into a land contract relationship pertaining to property commonly known as 6745 Pelham, Allen Park, Michigan.  Such land contract speaks for itself.  As to the remaining allegations of this paragraph, neither admitted nor denied, as Plaintiff's characterization of the relationship states a legal conclusion, and Plaintiff is left to her proofs.

(7)    Admitted that Plaintiff brought this action in part pursuant to the Federal Truth in Lending Act, but denied as untrue that such act has any application to the relationship between the parties.  Accordingly, this Defendant denies that jurisdiction is properly before the Court.

(8)    This Defendant admits that the parties entered into a land contract relationship pertaining to property commonly known as 6745 Pelham, Allen Park, Michigan.  Such land contract speaks for itself.  As to the remaining allegations of this paragraph, neither admitted nor denied, as Plaintiff's characterization of the relationship states a legal conclusion, and Plaintiff is left to her proofs.

(9) This Defendant admits that the parties entered into a land contract relationship pertaining to property commonly known as 6745 Pelham, Allen Park, Michigan. Such land contract speaks for itself. As to the remaining allegations of this paragraph, neither admitted nor denied, as Plaintiff's characterization of the relationship states a legal conclusion, and Plaintiff is left to her proofs.

(10) Denied as untrue.

(11) Denied as untrue, as the requirements referenced by Plaintiff were inapplicable to the parties' relationship, or in the alternative, all information that this Defendant was required to disclose was in fact disclosed.

(12) Denied as untrue.

(13) Denied as untrue.

(14) Denied as untrue.

(15) Denied as untrue.

### Count I – Truth in Lending

(16) This Defendant restates his answers above as if fully restated herein.

(17) Denied as untrue.

### Count II – Consumer Protection

(18) This Defendant restates his answers above as if fully restated herein.

(19) Denied as untrue.

### Count III - Fraud

(20) This Defendant restates his answers above as if fully restated herein.

(21) Denied as untrue.

Wherefore, this Defendant requests that this Honorable Court dismiss Plaintiff's Complaint, in its entirety and with prejudice, and award this Defendant his costs and attorneys' fees so wrongfully incurred.

                                  Respectfully submitted,

By:    \_\_\_s/Randall T. LeVasseur_____
      Randall T. LeVasseur P41712
      Attorney for Defendant Leonard Bale only
      3233 Coolidge Hwy
      Berkley, MI  48072
      (248) 586-1200
      randy@LDALAW.com

Dated:  October 29, 2009

## AFFIRMATIVE DEFENSES

(1) Plaintiff has failed to state a claim upon which relief can be granted.

(2) The Truth in Lending Act is inapplicable to the transaction between the parties.

(3) The Michigan Consumer Protection Act is inapplicable to the transaction between the parties.

(4) Plaintiff fails to state its claim for Fraud with the particularity required by Fed.R.Civ.P.9(b) or Michigan law.

(5) The Court lacks jurisdiction over this matter.

(6) Plaintiff's claims are barred because of its failure to satisfy jurisdictional requirements.

(7) Plaintiff's claims are barred for the reason that she has failed to mitigate her losses.

(8)   Plaintiff's claims are barred by the legal and/or equitable principal of in pari delecto or "unclean hands".

(9)   Plaintiff's claims are barred by her own breach of contract.

(10)  Plaintiff's claims are barred by its own waiver.

(11)  Plaintiff's claims are barred by the doctrine of estoppel.

(12)  Plaintiff's claims are barred by the doctrine of laches.

(13)  Plaintiff's claims are barred by the statute of limitations.

(14)  Plaintiff's claims are barred on the ground of misjoinder of parties.

(15)  Plaintiff has failed to arbitrate, as required by their agreement.

(16)  Plaintiff has failed to return the subject residential property to Defendant, in a condition at least as good as when she received it from Defendant.

(17)  In the event that the Court finds that Defendant is liable to Plaintiff for any indebtedness, Defendant is entitled to a set-off in the amount of any indebtedness the Court finds Plaintiff owes to Defendant.

(18)  This defendant reserves the right to amend these affirmative defenses, as others may become known through further investigation and/or discovery.

Respectfully submitted,

By:   \_\_\_s/Randall T. LeVasseur_____
Randall T. LeVasseur P41712
Attorney for Defendant Leonard Bale only
3233 Coolidge Hwy
Berkley, MI  48072
(248) 586-1200
randy@LDALAW.com

Dated:  October 29, 2009