UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Valerie Hilyer

    Plaintiff-Counter-Defendant                                            Case No. 09-cv-13920
v.                                                                                                 Hon. David M. Lawson

Wolverine Investors, LLC, a Michigan Company,
Wolverine Investors II, LLC, a Michigan Company,
Wolverine Investors III, LLC, a Michigan
Company and Leonard Bale, individually and
as an agent, officer and employee of said
Michigan Limited Liability Companies,
jointly and severally

    Defendant-Counter-Plaintiff,

_____/

| | |
|---|---|
| ROBIN H. KYLE P 33330 | Randall T. LaVasseur P41712 |
| Attorney for Plaintiff Counter Defendant | Allen J. Dyer P54857 |
| 615 Griswold, Suite 1120 | LaVasseur Dyer & Associates, P.C. |
| Detroit, Michigan 48226 | Attorney for Defendant Counter-Plaintiff |
| (313) 961-3975 | Leonard Bale, only |
| | 3233 Coolidge Hwy |
| | Berkley, Michigan 48072 |
| | (248) 586-1200 |

_____/

**PLAINTIFF COUNTER-DEFENDANT'S MOTION TO REINSTATE CASE,
ENFORCE SETTLEMENT AND FOR SANCTIONS**

     NOW COMES the Plaintiff Counter-Defendant's, Valerie Hilyer by and through her attorney, Robin H. Kyle and hereby moves this honorable court for entry of an order, reinstating this litigation, enforcing the parties' settlement, awarding sanctions to Plaintiff against the Defendant Leonard Bale and also entering judgment against said Defendant and in support thereof alleges as follows:

     1.     This Truth In Lending Claim was filed by Plaintiff on October 5, 2009.  The

1

Claim involves Plaintiff's allegations of a truth in lending violation by Defendant Leonard Bale respecting the sale of a residential home.

2.   After being served with the Summons and Complaint in this action, the Defendant Leonard Bale filed a land contract forfeiture action in the 24th District Court for the State of Michigan.

3.   On or about January 28, 2010, the parties entered into a settlement which was placed on the record in the 24th District Court proceedings and subsequently the settlement was memorialized in a written and signed stipulation reflecting the settlement that was placed upon the record on the aforesaid date.

4.   Based upon the aforesaid settlement, this Court entered an order on March 5, 2010, which conditionally dismissed this action without prejudice and which provided in part as follows:

> Accordingly, it is ORDERED that the complaint is DISMISSED WITHOUT PREJUDICE and without costs.  Pursuant to the terms of the settlement agreement, the Defendant, Leonard Bale, is scheduled to make one more payment on April 30, 2010, therefore, the Court retains jurisdiction for purposes of enforcing the parties' Settlement.

See DKT 9.

5.   On April 30, 2010, in accordance with the terms of the settlement agreement, the Plaintiff vacated the subject property and surrendered the keys to said premises as instructed by the Defendant Leonard Bale.  Notwithstanding Plaintiff's compliance with the terms of the settlement, Defendant Leonard Bale has failed and refused to comply with the parties' settlement by making the settlement payment that was required on April 30, 2010.

6.   Immediately after Plaintiff vacated the premises on the morning of April 30, 2010, the undersigned attempted to contact Defendant's attorney regarding payment of the

settlement amount.  Defendant's attorney did not come to the phone on April 30, 2010, or in a subsequent call regarding the settlement on May 3, 2010.  Defendant's secretary did telephone the undersigned on the afternoon of April 30, 2010, and indicated that a check would be forthcoming on Monday, May 3, 2010.  However, as discussed more fully in the accompanying brief, as of 5:08 pm on May 3, 2010, Defendant has failed to make the required payment.  This motion is therefore necessary.

7.    Plaintiff is seeking not only enforcement of the parties' settlement agreement, but also costs, and sanctions under 28 USC § 1927, based upon Defendant's multiplication of these proceedings by refusing to comply with the parties' settlement.

8.    On May 3, 2010, during a fifth telephone call attempt the undersigned finally succeeded in contacting defense counsel to conduct a LR 7.1(a) conference.  At that time the nature of the motion was explained as was its legal and factual basis.  Also at that time Defense counsel explained that under his interpretation of the settlement agreement payment was not due for several weeks.  Defense counsel further explained that deductions from the April 30, 2010, payment were being calculated by his client, based upon excessive wear and tear damages to the premises.

WHEREFORE, Plaintiff Counter-Defendant request that this Honorable Court enter a judgment against the Defendant Leonard Bale for the amount of his April 30, 2010, payment under the settlement, plus damages to be determined by the trier of fact and also awarding Plaintiff costs and attorney fees under 28 USC § 1927, based upon Defendant's bad faith multiplication of these proceedings by his failure and refusal to comply with the parties' settlement and for such other relief to which Plaintiff may be found to be entitled.

3

Respectfully submitted,

By:     /s/
ROBIN H. KYLE (P-33330)
Attorney for Plaintiff Counter-Defendant
615 Griswold, Suite 1120
Detroit, Michigan 48226
(313) 961-3975

Dated: May 3, 2010